Heeeernait, J.
The sole question presented for decision, and that question is one of first impression, is the interpretation of section 67 of article 4-a of the Workmen’s Compensation Law as it existed prior to its repeal by chapter 431 of the Laws of 1947. By the terms of sections 65 to 72 of the repealed statutes compensation for disability or death resulting from silicosis and other dust diseases was authorized.
In repealing article 4-a the Legislature enacted a new law, effective July 1, 1947, which confers benefits in the case of silicosis and other dust diseases similar to those payable for disability or death resulting from an occupational disease. All rights which had accrued under the old law were preserved.
The pertinent provisions of section 67 are: 1 ‘ An employer shall be liable for the payments prescribed by this article for silicosis or other dust disease when disability of an employee resulting in loss of earnings shall be due to an employment in a hazardous occupation in which he was employed, and such disability results within one year after the last injurious exposure in such employment; or, in case of death resulting from such exposure, if such death occurs within five years following continuous disability from such disease ”. (L. 1940, ch. 548.)
The facts are not in dispute. The decedent worked for the employer as a moulder and while so employed was exposed to harmful dust. On November 15, 1940, during the course of his employment, he became totally disabled as a result of silicosis and continuously remained so until his death on December 31, 1945. His death was causally related to his silicotic condition.
No award was made to claimant during his lifetime and apparently he made no claim for compensation during that period.
In our court appellants contend that the widow’s claim is barred under the provisions of the section quoted, which they assert should be construed to relieve them from liability in cases where, as they phrase it, death occurs more than “ five years following the inception of total disability.”
On behalf of the widow it is argued that appellants are required to pay compensation where such death occurs within five years “ following ” the termination of continuous disability from such disease.
We are called upon to interpret a remedial statute which we are required to construe most liberally in favor of injured *465 workmen and their dependents. That rule is justified in order to effectuate the humane purposes for which the law was enacted. The courts should not insert antiquated common-law rules into legislation which was enacted for the express purpose of terminating the harsh common-law doctrine which denied relief to injured employees, on one theory or another, and not infrequently upon a fantastic one, and to make the industry that was responsible for the injury bear a major part of the burden resulting therefrom — a burden which under the old system was borne by the unfortunate workman out of his meagre savings or those of his dependents or public charity.
Section 67 does not make it a condition that death must occur within five years of the date of inception of total disability. If the Legislature had intended to place such a limitation upon the right to a recovery it could have done so in language that could not be misunderstood. The language in this statute refers to deaths “ within five years following continuous disability ”.
In the case before us the decedent was continuously disabled for five years, one and one-half months. If we were to adopt the appellants argument and deny the widow an award the result would be most unjust. Concededly under the statute the widow of a workman who died within the five year period of continuous disability from silicosis would be entitled to death benefits. The appellants are asking us to say that a widow whose husband lived even a day beyond the specified period during which he was continuously disabled must be denied an award. Such a construction of this law is abhorrent to our sense of justice. Surely the Legislature never intended to make such an unjust discrimination.
The award is affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Brewster, Deyo and Sautry, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 1005.]